# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MICA NOTZ,
    *Plaintiff*,

v.

CONNECTICUT COMMISSION ON
HUMAN RIGHTS AND OPPORTUNITIES,
    *Defendant*.

No. 3:19-cv-0769 (JAM)

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Mica Notz is a non-attorney advocate who has represented many people in proceedings before the Connecticut Commission on Human Rights and Opportunities ("CHRO"), the defendant in this action. The CHRO is a state agency that investigates and enforces alleged violations of anti-discrimination laws in conjunction with its federal counterpart, the U.S. Equal Employment Opportunity Commission ("EEOC").

Notz has filed this federal lawsuit to challenge the CHRO's refusal since 2016 to allow her to represent clients in CHRO proceedings. She alleges that the CHRO's refusal to allow her to represent clients violates state law and is also preempted by federal law. I conclude that there is no merit to Notz's federal preemption claim, and I will decline to exercise supplemental jurisdiction over Notz's remaining state law claims. Accordingly, I will grant the CHRO's motion to dismiss.

### BACKGROUND

The following facts are set forth in the complaint. Notz alleges that she is a non-attorney advocate who appeared before the CHRO and the EEOC for over twenty years to represent the interests of both claimants and respondents. Doc. #1-1 at 2 (¶ 1). But in October 2016, Notz was advised by the CHRO that non-attorney representatives would no longer be allowed to represent people before the agency. *Id*. at 4 (¶ 9). At that time Notz was representing three vulnerable

1

clients before the CHRO who would go without representation unless they could afford an attorney. *Ibid.* (¶ 10). Notz objected that the CHRO's new policy was inconsistent with Connecticut administrative regulations, but the CHRO refused to change its position. *Id.* at 4-5 (¶¶ 11-25).

In May 2017, the Connecticut Office of Chief Disciplinary Counsel informed Notz that she was under investigation for the unauthorized practice of law before the CHRO. *Id.* at 6 (¶¶ 27, 28). She was told that she must immediately cease and desist from the illegal practice of law before the CHRO. *Ibid.* (¶ 33).[1]

For the next two years from May 2017 to April 2019, Notz continued to protest her inability to represent clients before the CHRO in a series of communications and meetings with the CHRO leadership and attorneys from the CHRO, with the Office of Chief Disciplinary Counsel, and with the Connecticut Attorney General's office. *Id.* at 6-13 (¶¶ 34-96).

On May 21, 2019, Notz filed this *pro se* federal lawsuit against the CHRO seeking declaratory and injunctive relief. Doc. #1. The complaint alleges six counts. Five of the six counts allege violations of state law such as the Connecticut Uniform Administrative Procedures Act. Just one of the counts alleges a violation of federal law, claiming that the CHRO's action against Notz is preempted by federal law because Notz "is statutorily allowed under Federal EEOC rules and regulations to provide the exact same representation before the EEOC, that she

---

[1] Section 2-44A(a) of the Connecticut Practice Book defines the "practice of law" in general to mean "ministering to the legal needs of another person and applying legal principles and judgment to the circumstances or objectives of that person," and it expressly includes "[r]epresenting any person in a court, or in a formal administrative adjudicative proceeding or other formal dispute resolution process or in any administrative adjudicative proceeding in which legal pleadings are filed or a record is established as the basis for judicial review." § 2-44A(a)(4). The Practice Book provides an exception for "[a]cting as a lay representative" before administrative agencies or in administrative hearings but only if "[s]uch conduct is authorized by statute, or the special court, department or agency has adopted a rule expressly permitting and regulating such practice." § 2-44A(b)(2). The CHRO's regulations allow only for the representation of a complainant or respondent by an attorney. *See* Conn. Agencies Reg. §§ 46a-54-15a, 46a-54-82a.

is now banned from performing before the CHRO." Doc. #1-1 at 23-24 (count five); *see id.* at 24-28. The CHRO moves to dismiss Notz's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #12.

## DISCUSSION

The standards that govern a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) are well established. A complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain the Court's subject matter jurisdiction and to sustain a plaintiff's claims for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Patane v. Nestle Waters N. Am., Inc.*, 369 F. Supp. 3d 382, 387 (D. Conn. 2019). It is also well established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

### *Subject matter jurisdiction*

CHRO argues that the Court "lacks jurisdiction over the complaint, and in particular the fifth count [alleging that the CHRO's policy is federally preempted in violation of the Supremacy Clause], because as written it fails to state a viable claim on which relief can be granted." Doc. #26 at 1 (supplemental briefing); *see also* Doc. #12-1 at 5-7 (arguing the same as grounds for dismissal).

This argument reflects a lack of understanding of the difference between whether a claim is subject to dismissal for lack of subject matter jurisdiction and whether a claim lacks merit as a matter of law. Here, the complaint seeks injunctive relief against a state agency on the ground

3

that the state agency's policy is preempted by federal law. That is enough to confer federal subject matter jurisdiction under 28 U.S.C. § 1331.

> It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights . . . A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) (citations omitted); *see also Cable Television Ass'n of New York, Inc. v. Finneran*, 954 F.2d 91, 94-95 (2d Cir. 1992) (court had federal question jurisdiction over preemption claim seeking injunctive relief from enforcing a state regulation that interfered with federal rights).

The CHRO argues that the Declaratory Judgment Act, 28 U.S.C. § 2201, does not itself confer jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). This argument is correct but irrelevant. It is the Supremacy Clause of the U.S. Constitution that confers federal question jurisdiction over Notz's preemption claim. And it is the Court's authority in equity to grant relief because "as we have long recognized, if an individual claims federal law immunizes him from state regulation, the court may issue an injunction upon finding the state regulatory actions preempted." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326 (2015). Accordingly, I conclude that there is federal question jurisdiction over Notz's federal preemption claim for injunctive relief.

### *Preemption*

I will now address the merits of Notz's preemption claim. The Supremacy Clause provides that "the Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST.

ART. VI. In general, federal law may preempt state law, whether expressly or impliedly, if the state law conflicts with, obstructs, or impairs the operation of federal law. *See generally Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 376-77 (2015); *Marentette v. Abbott Labs., Inc.*, 886 F.3d 112, 117 (2d Cir. 2018). Moreover, regulations from a federal agency such as the EEOC may preempt state law provided that the agency acts within the scope of its legislatively delegated authority. *See City of New York v. Permanent Mission of India to United Nations*, 618 F.3d 172, 187 (2d Cir. 2010).

Notz alleges that the EEOC allows her to represent clients in proceedings before the EEOC. But the fact that the EEOC may as a matter of grace, convenience, or oversight allow Notz to represent clients before the EEOC does not mean that the EEOC is legally required to do so, much less does it mean that a state entity like the CHRO is legally required to allow non-attorneys to represent parties in proceedings before the CHRO. After all, the Supremacy Clause is not a Uniformity Clause. It does not compel state agencies to copycat all of the same practices and procedures as a cognate federal agency simply for the sake of symmetry or consistency.

Notz does not identify any EEOC regulation that requires the CHRO to allow non-attorneys like Notz to represent parties before the CHRO. To be sure, there is one EEOC regulation, 29 C.F.R. § 1614.605(a), that allows a complainant to choose her own representative, and this arguably allows for complainants before the EEOC to choose a representative who is not an attorney:

> At any stage in the processing of a complaint, including the counseling stage § 1614.105, the complainant shall have the right to be accompanied, represented, and advised *by a representative of complainant's choice*.

29 C.F.R. § 1614.605(a) (emphasis added). But this regulation—like all other regulations under 29 C.F.R. Part 1614—applies only to claims brought by employees of the *federal* government.

5

*See* 29 C.F.R. § 1614.103(b) (listing limited range of federal employees subject to regulations under 29 C.F.R. Part 1614); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 & n.3 (2d Cir. 2011) (*per curiam*). And such claims by federal government employees may only be heard by the EEOC, not by the CHRO. *See Colon v. Potter*, 51 F. App'x 43, 46 (2d Cir. 2002); *see also* Doc. #26 at 6 (CHRO's supplemental briefing stating the same).

This limitation on the scope of section 1614.605(a) is telling. It makes no sense to say that a regulation, which the EEOC makes applicable only to a limited class of proceedings over which the EEOC retains exclusive jurisdiction, must also apply to all proceedings over which the EEOC does *not* exercise exclusive jurisdiction (such as the kinds of matters not involving federal employees that may end up before either the EEOC or the CHRO).

Notz next relies on another EEOC regulation, 29 C.F.R. § 1601.7, which allows a third party to bring a complaint on behalf of any person:

> A charge that any person has engaged in or is engaging in an unlawful employment practice within the meaning of title VII, the ADA, or GINA may be made by or on behalf of any person claiming to be aggrieved. A charge on behalf of a person claiming to be aggrieved may be made by any person, agency, or organization. The written charge need not identify by name the person on whose behalf it is made. The person making the charge, however, must provide the Commission with the name, address and telephone number of the person on whose behalf the charge is made. During the Commission investigation, Commission personnel shall verify the authorization of such charge by the person on whose behalf the charge is made. […]

29 C.F.R. § 1601.7(a). Although this regulation is not limited to federal employee proceedings, it stops well short of conferring a general right for complainants to be represented throughout all EEOC proceedings by a non-attorney representative. The regulation allows only for the initial filing of a charge to be done by "any person" on behalf of another person, and it says nothing

about whether a non-attorney may represent a complainant throughout subsequent federal or state administrative proceedings.

Notz misplaces her reliance on *Sperry v. Florida*, 373 U.S. 379 (1963), a case in which the Supreme Court concluded that federal law preempted state regulation of the unauthorized practice of law before the federal Patent Office. The Supreme Court concluded that the state regulation was preempted by a federal regulation that specifically authorized non-attorney patent agents to practice before the Patent Office. *Id.* at 385. The *Sperry* decision is easily distinguished from Notz's case because (as discussed above) Notz does not identify any federal regulation that authorizes non-attorneys to represent complainants in federal EEOC proceedings, much less any federal regulation that authorizes non-attorneys to represent complainants in state CHRO proceedings.

Indeed, the regulation of attorney practice is an area of traditional state concern, and it is far from surprising that the federal government would steer clear of regulating the qualifications of those who may represent a party in state administrative agency proceedings. Even for federal agency proceedings, there is no general presumption that a participant has the right to be represented by a person who is not an attorney. To the contrary, federal law provides that a person who is "compelled" to appear before a federal agency "is entitled to be accompanied, represented, and advised by counsel or, *if permitted by the agency*, by other qualified representative." 5 U.S.C. § 555(b) (emphasis added). The same federal law states that it "does not grant or deny a person who is not a lawyer the right to appear for or represent others before an agency or in an agency proceeding." *Ibid.*; *see also Evans v. Pariente*, 2007 WL 1625727, at *3 (N.D. Fla. 2007) (noting that "[t]here is simply no federal statute which provides Plaintiff with the authority or right to represent persons in the state courts of Florida without a [law]

license" and that "[p]laintiff has not identified a specific federal law that authorizes such action").

Notz also cites the EEOC-CHRO work-sharing agreement as a basis for her claim that the CHRO is required to permit non-attorney representation under federal law. *See Fort Bend County, Texas v. Davis*, 139 S.Ct. 1843, 1846 (2019) (describing function of EEOC work-sharing agreement to a relieve a complainant from filing duplicative complaints before the EEOC and state agency counterparts). But she does not allege or point to any provision in the agreement that affords her the right as a non-attorney to represent clients in CHRO proceedings. Therefore, even assuming that the work-sharing agreement is itself a regulation that affords judicially enforceable rights, it does not support Notz's preemption claim.

In short, Notz has not alleged plausible grounds to conclude that federal law preempts the CHRO's policy that prevents non-attorneys from representing claimants in proceedings before the CHRO. Accordingly, I will dismiss Notz's preemption claim, and I conclude that Notz has not alleged plausible grounds for relief under federal law.[2]

*State law claims*

The remaining counts of Notz's complaint all allege violations of state law. Because it is early in this litigation and because the state courts of Connecticut are best positioned to address

---

[2] Because Notz is a *pro se* plaintiff, I am required to interpret her pleadings to raise the strongest arguments that the allegations suggest. Therefore, although Notz does not allege or argue any other violation of federal law, I have considered the possibility that her complaint may allege a claim for a violation of the federal Due Process Clause. But a due process claim requires a plaintiff to show a deprivation of a property or liberty interest, *see Reyes v. Fischer*, 934 F.3d 97, 105 (2d Cir. 2019), and Notz has not alleged facts to plausibly establish that she has a constitutionally protected property or liberty interest in representing third parties as a private non-attorney advocate before the CHRO. I have also considered the possibility that her complaint could be interpreted to allege a claim for a violation of the Equal Protection Clause. But an equal protection claim generally requires allegations that a plaintiff was treated differently from others who were similarly situated, *see Hu v. City of New York*, 927 F.3d 81, 90-91 (2d Cir. 2019), and Notz's complaint does not allege similarly situated comparators. Moreover, an equal protection claim is generally subject to rational-basis review, *id.* at 91, and there can be no doubt that the CHRO has a rational basis for requiring that representatives in its proceedings are licensed counsel with authority to practice law.

Notz's claims of improper conduct by a state agency, I decline to exercise supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013). I will therefore dismiss Notz's remaining state law claims.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant CHRO's motion to dismiss count five of Notz's complaint (Doc. #12) on the ground that plaintiff Notz has failed to state a claim upon which relief may be granted. The Court declines to exercise its discretion to consider Notz's state law claims and DISMISSES the remaining counts. This ruling is without prejudice to the filing within 14 days of a motion to reopen along with a proposed amended complaint if Notz has good faith grounds to allege a violation of federal law. This ruling is also without prejudice to Notz's filing of a complaint for relief in the Connecticut Superior Court to the extent that state law permits Notz to do so. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 7th day of February 2020.

/s/ *Jeffrey Alker Meyer*

Jeffrey Alker Meyer
United States District Judge