UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICA NOTZ,
  *Plaintiff*,

v.

CONNECTICUT COMMISSION ON
HUMAN RIGHTS AND OPPORTUNITIES,
  *Defendant*.

No. 3:19-cv-0769 (JAM)

**ORDER GRANTING MOTION TO REOPEN
AND DENYING MOTION FOR RECONSIDERATION**

  Plaintiff Mica Notz is a non-attorney advocate who has filed this lawsuit against the defendant Connecticut Commission on Human Rights and Opportunities ("CHRO") to challenge the CHRO's refusal to allow Notz to represent parties in proceedings before the CHRO. On February 7, 2020, I granted the CHRO's motion to dismiss on the ground that Notz had failed to allege plausible grounds for relief under the Supremacy Clause and on the ground that I would decline to exercise supplemental jurisdiction over Notz's state law claims in the absence of a cognizable federal law claim. Doc. #31; *Notz v. Connecticut Commission on Human Rights and Opportunities*, 2020 WL 607154 (D. Conn. 2020).

  I granted Notz leave to file a motion to reopen if she wished to file a proposed amended complaint alleging a violation of federal law other than a violation of the Supremacy Clause. Notz has now filed a motion to reopen pursuant to Rule 59(e) and Rule 60(b) along with a supporting memorandum of law and a proposed amended complaint. Doc. #33. Notz's proposed amended complaint alleges the same preemption claim that I have already dismissed, as well alleges a new federal claim in Count Seven for a violation of the Due Process Clause of the Fourteenth Amendment. Most of the supporting memorandum Notz has filed is devoted to an extended argument about how the Court allegedly erred with respect to its dismissal of the

federal preemption claim, and so I understand and treat the filing as a motion to reconsider my ruling dismissing Notz's preemption claim under the Supremacy Clause.

Based on my review of the arguments, Notz does not demonstrate any clear error or manifest injustice that will result from adherence to my prior ruling. *See 4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (quoting *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). Nor does Notz show that there are "extraordinary circumstances" justifying relief from my prior ruling. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Notz relies on language from Title VII that allows charges and filings to be made "on behalf of" a person. Doc. #33-1 at 4-5 (citing 42 U.S.C. § 2000e-5(b) & (e)(1)). These provisions say nothing about whether such charges and filings may be made by an attorney or non-attorney on behalf of such person. Such provisions (and other regulatory provisions cited by Notz that contemplate the filing of charges by some third party "on behalf" of a complainant) do not show that federal law requires the CHRO to allow representation by non-attorneys.

Notz also relies on and attaches a copy of the EEOC-CHRO work-sharing agreement (Doc. #33-2), but she does not point to any provision in this agreement that requires the CHRO to allow non-attorneys like Notz to represent complainants. The fact that the EEOC and CHRO have a work-sharing agreement does not mean that the CHRO must allow representation by non-attorneys. Notz otherwise repeats argument that were addressed and rejected in my prior ruling. Accordingly, I will deny the motion for reconsideration because Notz has failed to show extraordinary circumstances, a clear error of law, or that a manifest injustice would result from adhering to my prior decision that she failed to allege plausible grounds for her preemption claim.

I will otherwise grant the motion to reopen and allow Notz to file the proposed amended complaint (Doc. #33-3). Notz shall forthwith separately file her proposed amended complaint on the docket, subject to the understanding that the Court has dismissed the federal preemption claim in the amended complaint that seeks relief under the Supremacy Clause. Defendant CHRO shall file any answer or other response to the amended complaint within 21 days of Notz's filing on the docket of her amended complaint. Because I have dismissed Notz's preemption claim, any answer or other response to the amended complaint need not acknowledge or address this claim.

The Court GRANTS the motion to reopen and DENIES the motion for reconsideration.

It is so ordered.

Dated at New Haven this 20th day of February 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge